**Karen LINDQUIST, Individually and as Personal Representative of the Estate of Michael Lindquist, Appellant,**

v.

**INTERMED INSURANCE COMPANY, Respondent,**

**Mid–America Orthopaedic Surgery, Inc., Defendant.**

**No. ED 101068**

Missouri Court of Appeals,
Eastern District,
***DIVISION TWO.***

Filed: December 23, 2014

James E. Hullverson, Jr., Hullverson & Hullverson, 9552 Clayton Road, St. Louis, Missouri 63124, for appellant.

Scott E. Bellm, Turner, Reid, Duncan, Loomer & Patton, P.C., 1355 East Bradford Parkway, Suite A, Springfield, Missouri 65804, Michael L. Young, Co–Counsel, Helperbroom, LLC, 211 North Broadway, Suite 2700, St. Louis, Missouri 63102, for respondent.

Katherine E. Jacobi, 800 Market Street, Suite 110, St. Louis, Missouri 63101, Daniel W. Farroll, Co–Counsel, 130 North Main Street, Edwardsville, IL 62025, for defendant.

Before Sherri B. Sullivan, P.J., Mary K. Hoff, J., and Philip M. Hess, J.

**ORDER**

PER CURIAM

In this equitable garnishment action, judgment creditor Karen Lindquist (Plaintiff) seeks to collect up to three $1 million policy limits from Intermed Insurance Company (Defendant) pursuant to a personal injury judgment entered in an underlying medical malpractice suit. In four points relied on, Plaintiff claims that the trial court erred by (1) concluding that her equitable avoidances of judicial estoppel and (2) unclean hands lack merit, and alternatively, by (3) concluding that Defendant's Policy provides coverage for Plaintiff's loss of consortium claim and (4) limits Defendant's liability to $1 million. We affirm.

We have reviewed the briefs of the parties and the record on appeal and have determined that an extended opinion would have no precedential value. We have, however, provided a memorandum opinion only for the use of the parties setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 84.16(b).